UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREEN EMPIRE FARMS, INC.,

        Plaintiff,         Case No. 2:23-cv-10737

v.         Honorable Susan K. DeClercq
        United States District Judge

PLANT PRODUCTS USA, INC.,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO ALLOW "ATTORNEY EYES ONLY" DESIGNATION (ECF No. 36)**

Green Empire Farms brings this action against Plant Products USA for damages to its tomato crops allegedly caused by the use of SaniDate, a non-party product that clogged its irrigation lines. Green Empire alleges that Plant Products, as an "expert resource and consultant with specialized expertise and knowledge," ECF No. 1 at PageID.3, induced Green Empire to purchase and use SaniDate, despite knowing that it would likely clog its irrigation system and lead to crop loss. *Id*. at PageID.8–9.

Before the Court is Green Empire's motion for a heightened protective category, which would allow confidential information to be produced during discovery for "attorney eyes only" (AEO). Green Empire contends that AEO protection is needed for documents relating to its detailed damages calculation, while

Plant Products asserts that there is no justification for an AEO designation, and that it will suffer significant prejudice if its principals are unable to view materials central to Green Empire's damages claim.

On September 5, 2024, the Court held an in-person hearing on Green Empire's motion for protective order. ECF No. 36. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

This case centers around activities taking place in 2020, between two companies that have continued to do business together to date. As part of this litigation, Plant Products has requested that Green Empire produce a detailed damages calculation. ECF No. 36 at PageID.483. In response, Green Empire first produced a one-page damages-calculation sheet in 2023 and then an updated version more recently. However, it has not yet produced the underlying documents detailing its damages claim because they contain "highly confidential business information regarding the company's finances." ECF No. 36 at PageID.483. Specifically, Green Empire is concerned that the documents, which include its "calculations regarding rejections, margin back up, crop yield, and water costs" will be shared with Green Empire's competitors by Plant Products. *Id*. at PageID.492.

Although the Parties voluntarily entered into a Protective Order on March 15, 2024, which allows each Party to designate certain sensitive information as

confidential and limits the use of the information to the instant litigation only, Green Empire seeks to further limit the dissemination of information to only the attorneys of record, insurance adjustors, experts, and in-house attorneys ("Attorneys Eyes Only" or "AEO"). ECF No. 36.

Plant Products objects to an AEO designation, arguing that Green Empire cannot establish a "strong showing of probable competitive harm," *see Fed.-Mogul Motorparts Corp. v. Mevotech L.P.*, No. 15-cv-13205, 2016 WL 47969, at *3 (E.D. Mich. Jan. 5, 2016), since the Parties are not direct competitors and the information that Green Empire seeks to protect is not related to trade secrets. Plant Products also argues that relying only on its attorneys' or experts' representations of the evidence (as would necessarily result under an AEO designation), it will not be able to meaningfully determine the credibility of Green Empire's damages, which hampers its ability to weigh the risk of potential settlement or an adverse verdict.

## II. STANDARD OF REVIEW

Upon a showing of good cause, a court may issue a Protective Order limiting or restricting discovery. FED. R. CIV. P. 26(c). Specifically, a court may issue an order "requiring that a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001). To demonstrate good cause,

the movant "must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). Moreover, because a Protective Order is already in place limiting the use and dissemination of discovery materials, ECF No. 22, Green Empire bears the burden of demonstrating why the current order is insufficient and a modification is necessary. *See Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 597 (7th Cir. 1978); *Child.'s Legal Servs. P.L.L.C. v. Kresch*, No. 07-cv-10255, 2007 WL 4098203, at *2 (E.D. Mich. Nov. 16, 2007).

Courts in many circumstances have found that a specific showing of competitive harm justifies a restriction of confidential or trade-secret information to "attorney's eyes only." *See, e.g.*, *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 242 F.R.D. 574, 576–77 (W.D. Wash. 2007); *Worldwide Distrib., LLLP v. Everlotus Indus. Corp.*, No. 1:16 MC 67, 2017 WL 553305, at *3 (N.D. Ohio Feb. 10, 2017) (collecting cases). Other courts, however, have recognized the harm that the indiscriminate use of AEO protective orders may cause, especially in the absence of a strong showing of probable competitive harm. *See, e.g.*, *Key Components, Inc. v. Edge Elecs., Inc.*, No. 3:07-cv-224, 2008 WL 4937560, at * 3–5 (E.D. Tenn. Nov. 17, 2008); *DeFazio v. Hollister, Inc.*, No. CIV S-04-1358, 2007 WL 2580633, at *2 (E.D. Cal. Sept. 5, 2007) ("[T]he very real specter of over-designation of 'attorneys'

eyes only' information exists, and [parties] should not be put in a position where they are essentially kept in the dark about the important facts of the case.") (footnote omitted). Therefore, to determine whether there is good cause, the Court must balance the difficulties imposed upon Plant Products against the need to protect Green Empire's information from abuse by competitors.

### III. ANALYSIS

Here, Green Empire has sufficiently established that it has highly confidential information through the Declaration of Evan Jacobson, the Director of Farm Finance at its parent company, Mastronardi Produce. *Id*. at PageID.499–500. The Declaration states that this type of financial information is "routinely treated by Mastronardi Produce and Green Empire Farms in a highly confidential manner" and that it is anticipated that receipt by its industry competitors would "seriously harm" their businesses. *Id*. at PageID.499. However, Green Empire fails to establish how the current Protective Order is insufficient to protect such confidential information.

Unlike the majority of cases where discovery is limited to AEO, here the Parties are not direct competitors. *See, e.g.*, *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Bottling Grp., L.L.C.*, No. 07-2315, 2008 WL 234326, at *4 (D. Kan. Jan. 28, 2008) (ordering financial information to be designated as "Highly Confidential-Attorneys' Eyes Only" for discovery between competitors); *In re Michael Wilson & Partners, Ltd.*, No. 06-cv-02575, 2007 WL 3268475, at *3 (D. Colo. Oct. 30, 2007)

(finding that a standard protective order was sufficient because parties were not direct competitors); *Netquote, Inc. v. Byrd*, No. 07-cv-00630, 2007 WL 2438947, at *1, *4 (D. Colo. Aug. 23, 2007) (limiting discovery of financial information and customer lists between competitors to "attorney-eyes-only"); *Avocent Redmond Corp. v. Rose Elecs., Inc.*, 242 F.R.D. 574, 576 (W.D. Wash. 2007) (ordering "attorneys eyes only" designation for financial and proprietary information produced between competitors); *Gaymar Indus., Inc. v. Cloud Nine, LLC*, No. 1:06 CV 62, 2007 WL 582948, at *3–4 (D. Utah Feb. 20, 2007) (ordering "Confidential-Attorneys' Eyes Only" designation for technical and financial information discovery between competitors); *Visto Corp. v. Seven Networks, Inc.*, 2:03-CV-333, 2006 WL 3741891, at *6 (E.D. Tex. Dec. 19, 2006) (placing computer source code under "attorneys' eyes only" designation); *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *2, *15 (E.D. La. Apr. 5, 2004) (applying "Highly Confidential," i.e., "outside experts and attorney's eyes only" designation to confidential and proprietary commercial information produced to a competitor). Rather, Green Empire buys agricultural products that Plant Products sells. Even though Plant Products may work with Green Empire's competitors, and thus may be in a position to disclose confidential information to them through its consulting role, if Plant Products abides by the current Protective Order, there will be no such disclosure.

In addition, Green Empire has not argued—much less presented any evidence—that Plant Products has previously breached confidentiality or that it has a propensity to do so. *Cf. Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, No. 1:1-cv-0851, 2012 WL 3600106 (S.D. Ohio Aug. 21, 2012) (granting "attorney eyes only" protection where moving party believed plaintiff law firm to have breached a prior confidentiality agreement). Indeed, as Plant Products employee Andrew Eye testified at his deposition, even if Plant Products typically shares important information with its customers as part of its business practices, he "would not *if [Plant Products] were under an NDA [non-disclosure agreement] with a customer*." ECF No. 36-3 at PageID.506 (emphasis added).

Finally, it's worth noting that Green Empire continues to do business with Plant Products to date. As such, despite this lawsuit, Green Empire apparently trusts Plant Products enough to continue doing business with it.

Therefore, the Court finds that the existing Protective Order will sufficiently preserve the confidentiality of Green Empire's financial information without imposing an undue restriction on Plant Products' access to the information.

However, in order for both parties to more easily pursue any potential violation of the Protective Order, the Order will be modified to require that all individuals who receive confidential information, as designated under the Protective Order, shall execute the form (or one substantially similar) attached to Green

Empire's reply brief at ECF No.40-2 at PageID.600–01. *See In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 664 F.2d 114, 118 (6th Cir. 1981) ("Clearly the power of a district judge includes the power to modify a protective order.").

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Protective Order to Allow "Attorney Eyes Only" Designation, ECF No. 36, is **DENIED**.

2. The Parties are **DIRECTED** to submit to the Court via utilities a revised Protective Order, ECF No. 22, that includes a requirement that all individuals who receive confidential information, as designated under the Protective Order, shall execute the form (or one substantially similar) attached to Green Empire's reply brief at ECF No. 40-2 at PageID.600-01.

**This is a non-final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 9/17/2024